Maurice GIPSON, Plaintiff–Appellant,

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 09–2756.

United States Court of Appeals,
Seventh Circuit.

March 17, 2011.

Maurice Gipson, Terre Haute, IN, pro se.

Frank McCoskey, Office of the United States Attorney, Indianapolis, IN, for Defendant–Appellee.

Before FRANK H. EASTERBROOK, Chief Judge, RICHARD A. POSNER, and DIANE P. WOOD, Circuit Judges.

**ON PETITION FOR REHEARING**

LARRY J. McKINNEY, Judge.

The government has filed a petition for rehearing in which it challenges the statement in the opinion that "it's conceded that five days was the minimum" amount of time before an operation that the patient should stop taking aspirin because it's a blood thinner. Urging affirmance of the district court's decision, the government contends in its petition for rehearing that it never made the concession remarked in the opinion. This is either false or profoundly misleading. It did, it is true, "ask" in its appeal brief "how long a person of Gipson's physical and medical characteristics should abstain from taking aspirin of a particular dosage before undergoing a cervical fusion surgery like Gipson's." But in the summary judgment proceedings (there was no trial), not only had the government presented no evidence that the issue was in dispute; it had placed in evidence a notice received by prison staff from the health company that helps the prison arrange medical treatment for the inmates that said to stop all of Gipson's blood thinners 5 days before surgery. The *only* evidence, including evidence submitted by the government, in the record is that 5 days was indeed the minimum (our opinion cites secondary literature to that effect as well). The petition for rehearing assumes that a demand for expert evidence means that some proposition has been contested. That is not true. The assessment by the health company is undisputed. The government has never said that it was wrong. The only position advanced by it on appeal was that expert testimony is essential even if there is other medical evidence in the record. The point was thus undisputed, and in that sense conceded.

The petition for rehearing is denied.